UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14694-GAO

SUNOVION PHARMACEUTICALS, INC.,
Plaintiff,

v.

BPI TECHNOLOGIES CORP.,
Defendant.

ORDER
March 28, 2016

O'TOOLE, D.J.

After review of the pleadings and oral argument, the several pending motions are resolved as follows:

BPI Technologies Corp.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (dkt. no. 10) is DENIED. The parties' submissions support the following factual conclusions:

BPI affirmatively solicited business from Sunovion Pharmaceuticals Inc.—a corporation with its principal place of business in Massachusetts—through its voluntary response to Sunovion's Request for Proposals. BPI employees traveled to Massachusetts multiple times in connection with BPI's pursuit of Sunovion's business. Pursuant to the parties' signed Statement of Work, BPI undertook and contracted to provide services to personnel at Sunovion's facility in Massachusetts. In the spring and summer of 2014, BPI representatives met on multiple occasions with Sunovion personnel in Massachusetts. Additionally, BPI mailed an invoice to Sunovion in Massachusetts and received payment from Massachusetts for services that were in part to be rendered in Massachusetts. Under the circumstances, Sunovion has shown that the exercise of

personal jurisdiction over BPI satisfies both the Massachusetts long-arm statute and the requirements of due process. See Mass. Gen. Laws ch. 223A, §3(b) and (c); Cossart v. United Excel Corp., 804 F.3d 13, 19-22 (1st Cir. 2015).

BPI's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) (dkt. no. 12) is DENIED. Venue is proper because, as noted above, a substantial part of the events giving rise to Sunovion's claims occurred in this District. See 28 U.S.C. § 1391(b)(2).

BPI's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. no. 8) is DENIED. Sunovion's complaint contains sufficient factual allegations which, if accepted as true, state plausible claims for relief at this stage in the litigation.

BPI's Motion for More Definite Statement (dkt. no. 12) is DENIED. In light of the liberal pleading requirements under the Federal Rules and the availability of pretrial discovery procedures, further specificity is not necessary. See Fed. R. Civ. P. 12(e).

The Clerk shall set a scheduling conference for May 2, 2016. Pursuant to Local Rule 16.4, the Court encourages the parties to consider resolution of the disputes by settlement or other alternative dispute resolution program, including the District's court-sponsored mediation program.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge